UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY MENDES<br>AND DORIS MENDES,<br><br>Plaintiffs,<br><br>v.<br><br>CENDANT MORTGAGE,<br><br>Defendant. | )<br>)<br>)  Civil Action No. _____<br>)<br>)  **05 CV 1 1 7 6 5 DPW**<br>)<br>)  RECEIPT # _____<br>)  AMOUNT $ 250.00<br>)  SUMMONS ISSUED N/A<br>)  LOCAL RULE 4.1 ___<br>)  WAIVER FORM ___<br>MCF ISSUED ___<br>BY DPTY. CLK. MP<br>DATE 8/26/2005 |

MAGISTRATE JUDGE MBB

NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant

Cendant Mortgage ("Cendant") hereby removes to this Court the above-captioned action pending

in the Superior Court Department of the Trial Court, Bristol County, Massachusetts. In support

of removal, Cendant alleges as follows:

1. Plaintiffs, Anthony and Doris Mendes (the "Plaintiffs") instituted this civil

action, entitled Anthony Mendes and Doris Mendes v. Cendant Mortgage, Civil Action. No. 05-

809-B, pending in the Superior Court Department of the Trial Court, Bristol County,

Massachusetts (the "Action") on July 25, 2005. A copy of the Complaint and Civil Action Cover

Sheet filed in the Action are annexed hereto as Exhibits A and B, respectively. Plaintiffs assert

claims for damages arising from Cendant's alleged breach of contract and unfair and deceptive

acts in violation of section 2 of Mass. Gen. Laws Chapter 93A, in failing to finance the purchase

of a new home. As stated in the Civil Action Cover Sheet, Plaintiffs assert over $200,000 in

damages as a result of Cendant's alleged misconduct.

2. A copy of the Complaint was received by Cendant on August 1, 2005.

3. This petition is being filed within thirty (30) days of the date on which Cendant received the Complaint. This petition is also being filed within one year of the commencement of the Action and is therefore timely filed under 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by defendant Cendant pursuant to the provisions of 28 U.S.C. § 1441, et seq., because it is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. No prior application for the same or similar relief has been made to this or to any other court.

6. Complete diversity of citizenship exists as between the plaintiff and defendant.

7. As set forth in the complaint, Plaintiffs reside at 895 School Street, Mansfield, Massachusetts. *See* Exhibit A, ¶ 1.

8. Defendant Cendant is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of New Jersey, with its principal place of business located in Mount Laurel, New Jersey. Cendant is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the Commonwealth of Massachusetts.

9. The amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interests or costs. As set forth in the Civil Action Cover Sheet, Plaintiffs seek damages over $200,000. *See* Exhibit B.

2

027.168627.1

10. Plaintiff's claims will undoubtedly exceed $75,000.00. Accordingly, the

jurisdictional amount required by 28 U.S.C. § 1332 is satisfied.

WHEREFORE, defendant Cendant Mortgage respectfully requests that the above-

captioned action be removed from the Superior Court Department of the Trial Court, Bristol

County, Massachusetts, to this Court.

Respectfully submitted,

CENDANT MORTGAGE,
By Its Attorney,

Thomas I. Elkind, BBO #153080
Andrew K. Goldstein, BBO #552239
Foley & Lardner LLP
111 Huntington Avenue
Boston, Massachusetts 02199
(617) 342-4000

Dated: August 26, 2005

027.168627.1                                    3

## CERTIFICATE OF SERVICE

I, Thomas I. Elkind, hereby certify that on this 26th day of August, 2005, I caused the foregoing Defendant's Notice of Removal to be served by first class mail, postage paid, upon the plaintiff's attorney:

Christopher J. Trombetta
Law Office of Christopher J. Trombetta
310 North Main Street
Mansfield, MA 02048

Thomas I. Elkind, Esq.

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                    SUPERIOR COURT

|  |  |  |  |
|---|---|---|---|
| ANTHONY MENDES AND DORIS MENDES, | | * * * * | |
| | Plaintiffs, | * * | Civil Action No.: |
| v. | | * * | |
| CENDANT MORTGAGE, | | * * | |
| | Defendant. | * | |

## COMPLAINT

In this action Plaintiffs, Anthony and Doris Mendes, seek recovery of more than $360,000 from Defendant, Cendant Mortgage, based on Plaintiffs' inability to purchase an income producing property because of Cendant's breach of its agreement to provide financing. Cendant's actions also constitute violations of Mass. Gen. Laws Chapter 93A.

## PARTIES

1. Plaintiffs, Anthony and Doris Mendes, are married and reside at 895 School Street, Mansfield, Massachusetts.

2. Defendant, Cendant Mortgage ("Cendant"), is an entity which provides home equity financing. Upon information and belief, Cendant maintains a place of business at 3000 Leodenhall Road, Mount Laurel, New Jersey.

## THE ALLEGATIONS

3. Mr. and Mrs. Mendes sought home equity financing from Cendant.

4. Cendant directed Mr. and Mrs. Mendes to apply for an FHA loan. Mr. and

Mrs. Mendes did so only because Cendant directed them to do so. Mr. and Mrs. Mendes

were first time home buyers and relied on the advice of Cendant.

5. Cendant completed a loan application for Mr. and Mrs. Mendes. A true and

accurate copy of the application completed by them is attached as Exhibit A.

6. Thereafter, Cendant pre-approved a mortgage in the amount of $307,545. This

mortgage contemplated an interest rate of 7.125 percent. A true and accurate copy of this

proposal is allocated as Exhibit B.

7. The letter granting $307,545 in the pre-approved financing stated:

> We're pleased to tell you that you've been approved for a mortgage loan
> in the amount of $307,545.00. From here on, getting the home you want will be
> as easy as 1-2-3. We'll be with you all the way, from the application process right
> through closing.

> Now that your application is already completed and on file with us, all you
> need to do is find your dream home. As soon as you do, simply call us at 1-800-2
> 36-3268, Ext. 84853, to give us the property address, and we'll make sure your
> loan closes right on time – guaranteed. You can use it to call us 7 days a week
> with any questions about your mortgage process.

Mr. and Mrs. Mendes Select a Home

8. After receiving this letter, Mr. and Mrs. Mendes then located the home which

they desired to purchase. The home was located at 1-3 Chilson Street, Mansfield,

Massachusetts. This home contained two apartments which they intended to lease. The

rental amounts that they would have received amounted to more than $1,500 per month.

9. They then executed a purchase and sale agreement knowing that they had been

pre-approved for a mortgage in an amount sufficient to purchase the property. A true and

accurate copy of the purchase and sale agreement is attached as Exhibit C.

10. The agreed to sales price was $305,000. Mr. and Mrs. Mendes intended to finance $296,000, which was $11,545 less than the pre-approved loan amount of $307,545.

11. The parties scheduled closing to occur in August 2001.

### Cendant Refuses To Finance

12. On the day of the closing, however, Cendant informed Mr. and Mrs. Mendes that it would not provide them with financing.

13. Cendant contended that rents associated with the property to be purchased would not be high enough to satisfy FHA requirements.

14. FHA requirements did not require the rents even to exist, never mind be higher.

15. Mr. and Mrs. Mendes generated sufficient income through employment to qualify for the mortgage.

16. Because of Cendant's refusal to provide financing, Mr. and Mrs. Mendes could not consummate their purchase of the property which they had selected.

17. The owners of 1-3 Chilson Street then sold that property within thirty days of the date on which Mr. and Mrs. Mendes indicated that they could not purchase the property based on the unexpected and wrongful loss of guaranteed financing.

### Mr. and Mrs. Mendes Are Forced to Purchase A Different Property That Does Not Produce Income

18. Following the demise of Mr. and Mrs. Mendes' attempt to purchase 1-3 Chilson Avenue, they located a one family dwelling also in Mansfield. They agreed to purchase their home for $269,000.

3

19. To purchase the home, Mr. and Mrs. Mendes qualified for a mortgage in the amount of $256,400. This interest rate on this loan was 8.625%.

20. Mr. and Mrs. Mendes qualified for this loan without any representation that the property would generate income.

21. The principle and interest payments associated with a $256,400 mortgage at 8.625 percent produces essentially the same principal and interest payment as for a $297,000 loan with an interest rate of 7.125 percent.

22. The addition of rental income to be received by Mr. and Mrs. Mendes to the home located at 1-3 Chilson Street would have provided additional income which would have further enabled their ability to pay the $297,000 mortgage on the Chilson Street property.

### Cendant's Contentions After
### Failing To Provide Financing

23. Mr. and Mrs. Mendes later claimed that Cendant's acted wrongfully in refusing to provide financing as to the purchase of 1-3 Chilson Street.

24. In response, Cendant claimed that it had proposed that Mr. and Mrs. Mendes utilize conventional financing at or about Cendant refused to provide financing guaranteed by the FHA.

25. Cendant never made any such proposal.

### COUNT I
### (Breach of Contract)

26. Mr. and Mrs. Mendes incorporate the allegations of Paragraphs 1 through 25 as if fully set forth herein.

4

27. Cendant agreed to provide Mr. and Mrs. Mendes with $307,545 in financing to purchase a home.

28. Cendant breached that agreement by refusing to provide the insurance.

29. As a result of that breach, Mr. and Mrs. Mendes suffered damages exceeding $120,000.

## COUNT II
### (Breach of Implied Contract)

30. Mr. and Mrs. Mendes incorporated the allegations of Paragraphs 1 through 29 as if fully set forth herein.

31. Cendant represented that it would provide home financing in the amount of $307,545.

32. As a result of this representation, Mr. and Mrs. Mendes did not look for alternative financing, executed an agreement to purchase 1-3 Chilson Street, and paid a $9,000 deposit.

33. Cendant indicated after execution of the purchase and sale agreement as to 1-3 Chilson Street that it would not provide financing.

34. As a result of Cendant's refusal to provide financing, Mr. and Mrs. Mendes suffered damages in excess of $120,000.

## COUNT III
### (Violation of Chapter 93A)

35. Mr. and Mrs. Mendes incorporated the allegations of Paragraphs 1 through 34 as if fully set forth herein.

36. Cendant is engaged in trade and commerce.

37. Cendant committed unfair and deceptive acts in violation of Section 2 of Mass. Gen. Laws Chapter 93A.

38. Such actions include, but are not limited to, Cendant's refusal to provide financing to Mr. and Mrs. Mendes and its misrepresentation that it offered to provide conventional financing to them.

39. Cendant's actions were willful.

40. As a result of Cendant's unfair and deceptive acts and policies, Mr. and Mrs. Mendes have suffered monetary damages exceeding $360,000 and emotional harm as well.

WHEREFORE, Mr. and Mrs. Mendes pray that the Court:

1. Enter judgment in favor of Mr. and Mrs. Mendes and against Cendant on Count I in an amount to be determined at trial;

2. Enter judgment in favor of Mr. and Mrs. Mendes and against Cendant on Count II in an amount to be determined at trial;

3. Enter judgment in favor of Mr. and Mrs. Mendes and against Cendant on Count III in an amount to be determined at trial said amount to be trebled, and award attorneys' fees;

4. Award Mr. and Mrs. Mendes interest and costs, which include attorneys' fees; and

5. Award such other and further relief as the Court deems appropriate.

ANTHONY AND DORIS MENDES DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

ANTHONY AND DORIS MENDES

By their attorney,
LAW OFFICE OF CHRISTOPHER J. TROMBETTA


Christopher J. Trombetta (BBO# 556923)
310 North Main Street, Suite 6
Mansfield, MA 02048
(508) 339-5900

Dated: July 25, 2005

7

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: __Bristol__ | Docket Number |
|---|---|---|

| PLAINTIFF(S) Anthony and Doris Mendes | DEFENDANT(S) Cendant Mortgage |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Law Office of Christopher J. Trombetta Christopher J. Trombetta, 310 N. Main Board of Bar Overseers number: St., Mansfield MA | 02048 | ATTORNEY (if known) .. |
|---|---|---|

Origin code and track designation

Place an x in one box only:
[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| AO1 | Services | ( F ) | ( x ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................. $..............
  2. Total Doctor expenses ................................................. $..............
  3. Total chiropractic expenses ................................................. $..............
  4. Total physical therapy expenses ................................................. $..............
  5. Total other expenses (describe) ................................................. $..............
                                                                 Subtotal $..............
B. Documented lost wages and compensation to date ................................. $..............
C. Documented property damages to date ................................. $..............
D. Reasonably anticipated future medical and hospital expenses ................. $..............
E. Reasonably anticipated lost wages ................................. $..............
F. Other documented items of damages (describe)
                                                                 $..............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                 $..............
                                                         TOTAL: $..............

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):     Breach of Contract to     More
                                                Provide Financing          $.than.....
                                                            TOTAL          $200,000

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
                                    N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____    DATE: 7-25-05

A.O.S.C. 2003

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)___Anthony Mendes, et al. v. Cendant Mortgage___

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [✓] I.  160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

- [ ] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

- [✓] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

- [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

          05  11765 DPW

- [ ] V.  150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                YES [ ]        NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
                                                                YES [ ]        NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                YES [ ]        NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                YES [ ]        NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                YES [✓]        NO [ ]

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division  [✓]          Central Division  [ ]          Western Division  [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division  [ ]          Central Division  [ ]          Western Division  [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                YES [ ]        NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Andrew K. Goldstein, Esq., Thomas I. Elkind, Esq.
ADDRESS   Foley & Lardner LLP, 111 Huntington Ave. Boston, MA 02199
TELEPHONE NO.   (617) 342-4000

(CategoryForm.wpd - 5/2/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Anthony Mendes and Doris Mendes

## DEFENDANTS

Cendant Mortgage

**(b)** County of Residence of First Listed Plaintiff    Bristol, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant .
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Christopher J. Trombetta, 310 North Main Street, Suite 6, Mansfield, MA 02048. Tel ph: (508) 339-5900

Attorneys (If Known)

Andrew K. Goldstein, Thomas Elkind, Foley & Lardner LLP, 111 Huntington Ave., Boston, MA 02199 Tel ph: (617) 342-4000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| ☒ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sec 1332

Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE                    DOCKET NUMBER

DATE    4/25/05

SIGNATURE OF ATTORNEY OF RECORD    Thomas C. Elh

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____